ANTONIA CABASSA Y TEXIDOR, Appellant, *v.* REGISTRAR OF PROPERTY OF MAYAGÜEZ, Respondent.

No. 705. Submitted January 23, 1928.—Decided May 31, 1928.

*J. Alimañy Sosa* for the petitioner. The registrar did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

This is an administrative appeal wherein is involved the quantum of proof necessary to destroy the presumption set forth in section 1322 of the Civil Code whereunder property acquired by one of the spouses during the marriage is presumed to be ganancial. The note of the registrar follows:

"Upon an examination of deed No. 54 executed in Mayagüez on March 9, 1926, before notary Alfredo Arnaldo Sevilla, and of deed No. 37 executed in Mayagüez on November 23, 1916, before notary Amadeo Nazario Lugo, and of the writing now presented, the registrar refuses to consider cured the curable defect mentioned in the first note put at the foot of this deed No. 22, executed in this city on June 20, 1924, before notary Genario Altiery acting as substitute of his colleague Pascasio Fajardo, and in lieu thereof cautionary notices for the term of 120 days have been entered in favor of Antonia Cabassa y Texidor by marginal notes put in the entries (citing them) for the following reason: Because said documents do not show with reasonable certainty that the purchase money of the undivided interests to which the said first deed refers was the separate property of Mrs. Antonia Cabassa; inasmuch as deed No. 37 proves only the sale by her, being a widow, eleven years ago, of a real property whose price, $6,000, she confessed was received by her before the execution of the deed, which makes the alleged origin of the money used in the purchase of the undivided interests still more remote; and also because no document has been presented showing that the said $6,000 was brought by Mrs. Antonia Cabassa to her present marriage to Mr. Fajardo, and that the mere statements of the spouses Fajardo-Cabassa contained in said deeds Nos. 22 and 54 are not enough to justify the separate acquisition by one of them, all of this making it impossible to follow the history of the alleged original separate property, and therefore the legal presumption established by section 1322 of the Civil Code, not having been overcome, must be followed, as well as the decisions of the General Administration of the Registries of June 30, 1888, and January 17, 1913, and the cases of Sánchez v. Registrar, 28 P.R.R. 624, and Sociedad Protectora v. Registrar, 29 P.R.R. 909, which support the present note."

As we interpret our own decisions they are to the effect that no mere statement of either of the spouses or even of

the father of the wife, who is supposed to have donated property, suffices. In other words, a written declaration even if it comes from the party against whom an estoppel might arise would not so override the presumption established. The registry must import certainty. Is this a certainty that leaves no possibility of fraud or error? We can not hold so, because, after all, there are only few cases in which such absolute certainty could be established. In a vast number of cases a married person having received property before or after marriage might be careless in preserving evidence or in maintaining a *status quo* once clearly provable. We have previously indicated our doubts of a too strict requirement in *Marrero* v. *Registrar,* 34 P.R.R. 198, and in *Guillermina Alum Pérez* v. *Registrar of Arecibo,* 37 P.R.R. 830, we took a more definite stand to the effect that the presumption may be overcome, somewhat as in other cases, if there exists sufficient corroborating proof of the statements.

In the present appeal, very similarly to the *Alum Case, supra,* there was a definite acquisition by the wife of money from a sale of property which had belonged to her as a widow. These facts are accepted by the registrar in his note. We find a sufficient certainty. The presumption for the purposes of the registry is overcome and the note should be reversed.